UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF NEW YORK

LISA LODISH

Plaintiff,

-vs-

STELLAR COLLECTION SERVICES, INC.,

Defendant.

Civil Action No. 05:10-CV-0079 (NPM/DEP)

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO
MOTION TO DISMISS
AND IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT**

**CLIFFORD FORSTADT**
Attorney for Plaintiff
Bar Roll Number 101681
5788 Widewaters Parkway
DeWitt, New York 13214
Telephone: (315) 446-1865
Facsimile: (315) 446-1208
Email: clifford@cnylawcenter.com

## TABLE OF CONTENTS

                                                                                            Page

Table of Authorities..................................................................................1

Factual Background ................................................................................2

Argument

    *POINT I*
        THE COMPLAINT ADEQUATELY STATES A CLAIM
            UPON WHICH RELIEF CAN BE GRANTED....................3

    *POINT II*
        THE LANGUAGE OF THE COLLECTION LETTER
            CONTAINS CONTRADICTORY DIRECTIVES
            WHICH OVERSHADOW AND VIOLATE THE
            REQUIREMENTS OF SECTION 1692g.............................4

Conclusion ..............................................................................................12

Appendix.................................................................................................13

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                        **Page**

*Beeman v. Lacy, Katzen, Ryan & Mittelman*, 892 F. Supp. 405
     (N.D.N.Y. 1995, McCurn, C.J.).................................................................8 - 9

*Ellis v. Cohen and Slamowitz, LLP*, 1:09-cv-0810 (N.D.N.Y. 3-26-2010)...............3

*Ellis v. Solomon & Solomon*, *P.C.*, 591 F.3d 130 (2d Cir. 2010).............................7

*Heintz v. Jenkins,* 514 U.S. 291, 115 S. Ct. 1489 (1995).........................................6

*Jacobson v. Healthcare,* 516 F.3d 85 (2d Cir. 2008).................................................10 - 11

*Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057 (7th Cir.1999)..............................4

*Mobil Oil Company v. Karbowski,* 879 F.2nd 1052  (2d Cir. 1989*)*........................5 - 6

*Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2nd 22 (2d Cir. 1989)..................6

*Reiter v. Sonotone Corp.,* 442 U.S. 330 (1979)..........................................................5

*Russell v. Equifax A.R.S.,* 74 F. 3d 30 (2d Cir. 1996)...............................................7, 9

*Savino v. Computer Credit, Inc.,* 164 F.3d 81 (2d Cir. 1998)...................................7 - 10

*Seabrook v. Onondaga Bureau of Medical Economics,* 705 F., Supp. 81
     (N.D.N.Y. 1989)........................................................................................3, 7

**Statutes**                                                                                                                                     **Page**

15 U.S.C. Section 1692g..............................................................................................4 - 7

1

## FACTUAL BACKGROUND

This is an action for damages brought pursuant to the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.*, (hereinafter "FDCPA"), which regulates the collection activities of debt collectors.

On or about October 1, 2009, the Defendant, a professional debt collection agency, mailed to the consumer Plaintiff, and the Plaintiff subsequently received, a collection letter, a copy of which is contained in the Appendix hereto. This letter was the initial and only communication from Defendant. The Plaintiff claims in this action that the letter violated Section 1692g of the FDCPA in that it communicated instructions which were contrary to and which tended to obscure and contradict the requirements of that provision, and which subsequently caused her injury.

The Defendant brings the instant motion to dismiss, claiming that Plaintiff fails to state a claim upon which relief can be granted, that Defendant's letter does not overshadow the notice required by Section 1692g, and that it is otherwise in compliance with the FDCPA. The Plaintiff brings her cross-motion for summary judgment, claiming, among other things, that Defendant's letter and its communication of the 1692g notice in fact were violative of Section 1692g requirements.

ARGUMENT

POINT I       THE COMPLAINT ADEQUATELY STATES A CLAIM UPON WHICH
              RELIEF CAN BE GRANTED

The complaint in the case at bar states that the Defendant, in a debt collection letter to the Plaintiff, violated the terms of Section 1692g of the FDCPA by "...communicating instructions which are contrary to, and tend to obscure and contradict the requirement of that Section." Complaint at ¶ 8. The Plaintiff further claims that she suffered various injuries as a result of receiving the letter. Similar claims have been heard and ruled on by this, and other Courts, granting Plaintiffs judgment and often damages. *Seabrook v. Onondaga Bureau of Medical Economics*, 705 F, Supp. 81,86 (N.D.N.Y. 1989, McCurn, C.J.).

This Court recently had occasion to rule on a motion to dismiss a complaint in an action brought under the FDCPA. In *Ellis v. Cohen and Slamowitz, LLP*, 1:09-cv-0810 (GLS\RFT) (N.D.N.Y. 3-26-2010), Magistrate Judge Sharpe denied the defendant's motion to dismiss, stating,

> A notice is overshadowing or contradictory if it would make
> the least sophisticated consumer uncertain as to[his] rights.
> *Russell*, 74 F3d at 35.

In general, a complaint alleging a § 1692g violation will survive a motion to dismiss if:

> (1) the plaintiff pleads a contradiction between the demand
> language and the validation language and

> (2) it is possible that the plaintiff could prove that the
> contradiction would mislead the least sophisticated consumer
> into disregarding her rights under the validation notice.

> *Beeman v. Lacy, Katzen, Mittelman,* 892 F. Supp. 405, 412

>   (N.D.NY. 1995).( Denying motion to dismiss where a reasonable jury could find that debt collector's request that the consumers pay immediately or explain their failure to pay overshadowed and contradicted the validation notice)....

*Id.* at 13.

It is clear that the complaint before the Court pleads "a contradiction between the demand language" of the letter, and the required language of Section 1692g. See Complaint ¶ 8. As discussed below, the contradiction would mislead the least sophisticated consumer into disregarding her rights, and therefore Defendant's motion should be denied. *Johnson v. Revenue Mgmt. Corp.*, 169 F. 3d 1057 (7th Cir.1999).

**POINT II     THE LANGUAGE OF THE COLLECTION LETTER CONTAINS CONTRADICTORY DIRECTIVES WHICH OVERSHADOW AND VIOLATE THE REQUIREMENTS OF SECTION 1692g**.

Section 1692g of the FDCPA requires, in pertinent part, that:

>   Validation of Debts
>
>   Notice of debts; contents
>
>   (a)     Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing ...
>
>   >   (3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

4

        portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Disputed debts

(b)    If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Where the construction of a statute is necessary, the analysis should begin with an examination of the language employed by Congress and the Court must "... give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.,* 442 U.S. 330, 337, (1979). "'The starting point for our interpretation of a statute is always its language,' *Mobil Oil Company v.*

5

*Karbowski,* 879 F.2nd 1052, 1054(2d Cir. 1989) .... thus, [a]bsent clearly expressed legislative intention to the contrary [the language used] must ordinarily be regarded as conclusive." *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2nd 22, 26(2d Cir. 1989).

In interpreting the FDCPA, courts are bound by its plain language. *Heintz v. Jenkins,* 514 U.S. 291, 115 S. Ct. 1489 (1995).

The plain language of Section 1692g, which defines the required contents of a Notice of Debt provides, with an exception not relevant to this case, provides that

> ... a debt collector shall ... send the consumer a written notice containing ...
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within a thirty-day period, that the debt, or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector ....

The cited sections thus give the consumer several rights, including:

1.   The right to dispute the validity of a debt within a thirty-day period after receiving the communication, and the right to request a statement verifying the debt.

2.   The right, if the debt is disputed in writing within the thirty-day period, to receive from the collector by mail, verification of a debt, or a copy of a judgment and the right to be sent a statement giving notification of such rights.

3.    Most importantly in the case at bar, the right to stop all collection activities once a debt is disputed in writing until the collector verifies the debt.

This Court has long required that a mandatory notice under the FDCPA must be communicated effectively and may not be conveyed in a way that destroys its meaning and purpose. *Seabrook v. Onondaga Bureau of Medical Economics*, supra at 86. Even where the collector includes an accurate validation notice, Section 1692g(a) is violated if the notice is overshadowed or contradicted by other language in the communication. *Savino v. Computer Credit, Inc.*, 164 F3d 81, 85 (2d Cir. 1998); *Russell v. Equifax A.R.S.*, 74 F. 3d 30, 33 (2d Cir. 1996).

This prohibition against "overshadowing" language has been codified by the 2006 amendments to the FDCPA, which provide, in 15 U.S.C. §1692g(b),

> Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name of the original creditor.

*See also Ellis v. Solomon & Solomon*, P.C., 591 F. 3d 130,134 (2d Cir. 2010).

In the case at bar, Defendant's letter contains several references to time deadlines. The first is that

> ...You have thirty days to make arrangements for payment or further collection efforts will commence.

Then, at the bottom of the page, after the conclusion of the letter, appears the text of Section 1692g(a) with its reference to 30-day periods.

The first reference in the letter, which warns of a thirty-day period to make arrangements for payment or face the threat of "further collection efforts," is not connected by reference or other

7

device to the 30-day dispute period required under Section 1692g.

The letter in the case at bar is substantially similar to the letter in *Beeman v. Lacy, Katzen, Ryan & Mittelman,* 892 F. Supp. 405(N.D.N.Y. 1995), in which Judge Pooler utilized a standard for reviewing issues of overshadowing. In fact, the placement of the 1692g notice in the case at bar is arguably more egregious than in *Beeman.*

In *Beeman*, the letter stated:

> Your unpaid account referred to above has been referred to our office for collection.
>
> Please immediately send your remittance, in the above amount, payable to Lacy, Katzen, Ryen & Mittelman, or communicate with us to explain your failure to do so.
>
> [The full 1692g notice followed immediately thereafter.]

*Id.* at 408.

The court noted

> Nevertheless, the second paragraph of the June 23rd letter contradicts the validation notice. It instructs the Beemans to contact Lacy immediately and does not specify that in order to trigger their verification rights, the Beemans must dispute the debt in writing. Read by itself, the second paragraph leaves the impression that if the Beemans wished to dispute the debt, they must act immediately. Moreover, no transitional language alerts the consumers to the fact that they have rights to dispute the debt that must be exercised differently from the way in which they are asked to proceed by the second paragraph. Similar conflicts between the demand language of a collection letter and its validation notice have contributed to findings of a

8

> Section 1692g violation. See e.g., *Graziano*, 950 F.2d at 111 (holding that there was a reasonable probability that the least sophisticated debtor would be induced to overlook his statutory right to dispute within thirty days by language threatening legal action if payment was not made within ten days); *Miller* 943 F.2d at 484 (holding that portion of debt collection letter which demanded immediate full payment and commended consumer to telephone "today" contradicted validation notice); *Rabideau*, 805 F. Supp at 1089-1090, 1094 (holding that two collection letters, first of which stated immediate payment would avoid further contact and second of which stated debt must be paid within five days to avoid further collection efforts, contradicted validation notice).

*Id.* at 412.

Later writing the opinion for the Court in *Savino, supra,* as part of a three-judge Second Circuit panel, Judge Pooler established guidelines for those communications which both included 1692g notices and added unrelated instructions.

> In light of this Court's precedent, including Russell, we conclude that CCI's payment notice violates the FDCPA because the language on the front of the notice, when read in conjunction with the statutory debt validation on the reverse side, would "make the least sophisticated consumer uncertain as to her rights." See *Russell*, 74 F. 3d at 35. In reaching this conclusion we emphasize that CCI's request for immediate payment did not, standing alone, violate the FDCPA. Rather, CCI's **violation of the Act consisted of its decision to ask for immediate payment without also explaining that its demand did not override the consumer's right under Section 1962g to seek**

9

> **validation of the debt.** CCI could have both sought immediate payment and complied with the Act simply by inserting into the text of its letter transitional language that referred the addressee to the validation notice. For example, CCI might have added one of the following paragraphs to its demand letter:
>
> Although we have requested that you make immediate payment or provide a valid reason for nonpayment, **you still have the right to make a written request, within thirty days of your receipt of this notice, for more information about the debt.** Your rights are described on the reverse side of this notice."
>
> "**Our demand for immediate payment does not eliminate your right to dispute this debt within thirty days of receipt of this notice**. If you choose to do so, we are required by law to cease our collection efforts until we have mailed that information to you. Your rights are described on the reverse side of this notice."
>
> In our view, the inclusion of this or similar language would effectively inform a consumer as to his or her rights under the FDCPA without imposing an undue burden in a debt collector's legitimate efforts to obtain the prompt payment of debts.

*Savino v. Computer Credit Inc.,* 164 F.3d 81,85-86. (emphasis added)

Later, in *Jacobson v. Healthcare*, 516 F.3d 85 (2d Cir. 2008), the court had occasion again to review notice requirements where a debt collector sought to continue collection efforts within the thirty-day dispute period. In *Jacobson*, the letter sent to a consumer provided

10

> [if] your payment or notice of dispute is not received in this office within 30 days, we shall recommend further action be taken against you to collect the outstanding balance.

*Id.* at 92.

Though otherwise finding the letter violated the Act, the Court approved of the language of the demand for payment itself, observing that the letter sent by HFS to Jacobson, though it demanded payment, adequately explained that the recipient also had the right to seek verification of the debt. It presented Jacobson with two alternate ways of avoiding "further action":

> *either pay the debt "within 30 days," **or** submit a notice of dispute, "within 30 days."*
>
> This right to seek validation of the debt was further explained,...below the initial statement, and in clear terms.

*Id.* (emphasis added.)

In the case at bar, unlike in the *Jacobson* case, and contrary to the guidelines of *Savino*, no alternate reference to the consumer's rights was given. The consumer was told that she had thirty days to make arrangements for payment to avoid further collection efforts; she was not advised of her right to dispute the debt and thus halt all collection efforts even though she might fail to make payment arrangements as demanded. She was not referred to her rights contained in the dispute or validation notice which came, not immediately after the collection threat, but in single-space type at the bottom of the page, not even being incorporated in the main body of the letter. Nor was she advised that the dispute and validation rights were superior to the collector's right to continue collection efforts. The letter therefore violates requirements for statutory compliance as established in this Circuit, and has impacted the Plaintiff's ability to assert her rights under the FDCPA.

## CONCLUSION

Based upon the foregoing arguments, it is submitted that the Defendant has violated the FDCPA as alleged in the complaint, and that summary judgment should be granted to the Plaintiff.

Respectfully submitted:

Dated: April 2, 2010

    **s/ Clifford Forstadt**
**CLIFFORD FORSTADT**
Attorney for Plaintiff
Bar Roll Number 101681
5788 Widewaters Parkway
DeWitt, New York 13214
Telephone:  (315) 446-1865
Facsimile:  (315) 446-1208
Email: clifford@cnylawcenter.com

13

**APPENDIX**