UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

Lisa Lodish,

                                        Plaintiff,

        -v.-                                                    5:10-CV-0079
                                                                (NPM/DEP)
Stellar Collection Services, Inc.,

                                        Defendant.

_____

APPEARANCES:                            OF COUNSEL:

OFFICE OF CLIFFORD FORSTADT             CLIFFORD FORSTADT, ESQ.
Attorney for Plaintiff
5788 Widewaters Parkway
Dewitt, New York 13214

HISCOCK & BARCLAY, LLP                  J. ERIC CHARLTON, ESQ.
Attorneys for Defendants,
One Park Place
300 South State Street
Syracuse, New York 13202-2078

Neal P. McCurn, Senior District Judge

### *MEMORANDUM-DECISION and ORDER*

### *I.   Introduction*

        Plaintiff, Lisa Lodish ("Plaintiff"), brings this action against defendant

Stellar Collection Services, Inc. ("Defendant") alleging a violation of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq ("FDCPA").  Presently

before the court is a motion to dismiss the complaint by Defendant for failure to

state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure and a cross motion for summary judgment by Plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Each party has submitted opposition and reply papers.  Resolution of these motions is based on the papers submitted, without oral argument.  In accordance with the following, both motions are denied.

## *II.  Factual Background*

Defendant is a "debt collector" within the meaning of the  FDCPA.  15 U.S.C. § 1692a(6).  On or about October 1, 2009, Defendant mailed a debt collection letter to Plaintiff, which Plaintiff subsequently received, regarding a $25 debt Plaintiff ostensibly owed to Lab Alliance of Central New York.  The letter reads, in relevant part, as follows:

> Please be advised that your account has been assigned to [Defendant].
>
> You have thirty (30) days to make arrangements for payment or further collection efforts will commence.
>
> You are directed to address all future correspondence and payments concerning this account to [Defendant at a specified address].

At the bottom of the letter, after the signature block, the following text appears:

> This is an attempt to collect a debt, and any information obtained will be used for that purpose.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing with 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification.  If you request this office

2

in writing within 30 days after receiving this notice, this
office will provide you with the name and address of the
original creditor, if different from the current creditor.

Compl., Ex. A.  This was the only communication made by the Defendant to the
Plaintiff.

### III. Discussion

#### A.   Legal Standard

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the
court must accept the factual allegations in the complaint as true, drawing all
inferences in favor of the plaintiff.  See Miller v. Wolpoff & Abramson, L.L.P.,
321 F.3d 292, 300 (2d Cir. 2003) (quoting Patel v. Contemporary Classics of
Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001)).  The court is generally "required
to look only to the allegations on the face of the complaint." Roth v. Jennings,
489 F.3d 499, 509 (2d Cir. 2007).  However, in addition to the complaint's factual
allegations, the pleading includes any written instrument or exhibit attached to a
complaint and incorporated by reference.  See Chambers v. Time Warner, Inc.,
282 F.3d 147, 152–53 (2d Cir. 2002) (citing Int'l Audiotext Network, Inc. v. Am.
Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)).

Plaintiffs must allege enough facts "to raise a right of relief above the
speculative level." See Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555–56, 127 S.
Ct. 1955, 1965 (2007).  But a plaintiff need not plead specific facts.  See Erickson
v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200 (2007).  Where certain "facts are
peculiarly within the possession and control of the defendant," plaintiffs are not
prevented from "pleading facts alleged upon information and belief."  See Arista
Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotations
omitted) (quoting Boykin v. Keycorp, 521 F.3d 202, 215 (2d Cir. 2008)).  The

3

complaint must contain sufficient factual allegations, accepted as true, to state a facially plausible claim. <u>See</u> <u>Ashcroft v. Iqbal</u>, — U.S. —, —, 129 S. Ct. 1937, 1949 (2009) (<u>quoting</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). However, assessing whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S. Ct. at 1950.

A motion for summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). <u>See also</u> <u>Beyer v. County of Nassau</u>, 524 F.3d 160, 163 (2d Cir. 2008). "In ruling on a motion for summary judgment, the district court may rely on any material that would be admissible or usable at trial." <u>Major League Baseball Props., Inc. v. Salvino, Inc.</u>, 542 F.3d 290, 309 (2d Cir. 2008) (internal quotation and citation omitted).

The movant has the burden to show that no genuine factual dispute exists. <u>See</u> <u>Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 244 (2d Cir. 2004) (<u>citing</u> <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157, 90 S.Ct. 1598 (1970)). Moreover, when the court is deciding a motion for summary judgment, it must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor. <u>See</u> <u>id.</u>

When deciding whether a material issue of fact is in dispute, the court is cognizant that a fact is "material" if "it might affect the outcome of the suit under governing law." <u>White v. Haider-Shah</u>, No. 9:05-CV-193, 2008 WL 2788896, at *4-5 (N.D.N.Y. Jul. 17, 2008) (<u>quoting</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986)). Also, "[a] material fact is genuinely in

4

dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Id., (quoting Anderson, 477 U.S. at 248, 106 S.Ct. at 2510).

### B.   FDCPA Claim

By this action, Plaintiff claims that Defendant violated Section 1692g of the FDCPA "by communicating instructions which are contrary to, and tend to obscure and contradict the requirements of that Section."  Compl. ¶ 8(a), Dkt. No. 1.  Defendant contends that because it complied with the terms of Section 1692g, Plaintiff's complaint fails to state a FDCPA claim against it and therefore must be dismissed.  Plaintiff counters that the complaint adequately states a claim under Section 1692g and therefore, Defendant's motion to dismiss should be denied. Plaintiff further argues that the language in Defendant's letter, to wit, "[y]ou have thirty (30) days to make arrangements for payment or further collection efforts will commence[,]" overshadows the validation notice, which appears after the signature block, and therefore, Plaintiff is entitled to summary judgment on her FDCPA claim.

Section 1692g provides, in relevant part, that a "[n]otice of debt" shall contain the following:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request
within the thirty-day period, the debt collector will
provide the consumer with the name and address of the
original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  Section 1692g further provides that "[a]ny collection

activities and communication during the 30-day period may not overshadow or be

inconsistent with the disclosure of the consumer's right to dispute the debt or

request the name and address of the original creditor." Id.

Courts in this circuit apply an objective "least sophisticated consumer"

standard to determine whether a collection activity or communication

overshadows or is inconsistent with a validation notice.  See Ellis v. Soloman and

Soloman, P.C., 591 F.3d 130, 135 (2d Cir. 2010).  If the "least sophisticated

consumer" would be uncertain as to her rights, a collection activity or

communication will be found to overshadow or contradict the validation notice.

See id.  The Court of Appeals for the Second Circuit has recently described the

"least sophisticated consumer" as follows:

> The hypothetical least sophisticated consumer does not
> have the astuteness of a "Philadelphia lawyer" or even
> the sophistication of the average, everyday, common
> consumer, but is neither irrational nor a dolt.  While
> protecting those consumers most susceptible to abusive
> debt collection practices, this Court has been careful not
> to conflate lack of sophistication with unreasonableness.
> As such, the FDCPA does not aid plaintiffs whose claims
> are based on bizarre or idiosyncratic interpretations of
> collection notices.  Indeed, some courts have held that
> even the least sophisticated consumer can be presumed
> to possess a rudimentary amount of information about
> the world and a willingness to read a collection notice
> with some care.

Id. (internal citations and quotations omitted).

6

After citing this standard in its moving papers, Defendant argues that under the caselaw in this circuit, its collection notice providing Plaintiff with thirty days to make arrangements for payment before further collection efforts commence does not overshadow the validation notice providing Plaintiff with thirty days to dispute the validity of the debt or request identification of the original creditor. However, Defendant simply cites three cases where the Court of Appeals for the Second Circuit found FDCPA violations and argues that because the communications in those cases are different from those in its letter to Plaintiff in this case, the cited caselaw somehow supports the conclusion that overshadowing does not exist here.  See Ellis, 591 F.3d at 136 (finding overshadowing where a debt collector served a debtor with process during the thirty-day validation period without clarifying that commencement of the lawsuit did not affect the debtor's rights under the validation notice); Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 85, 95 (2d Cir. 2008) (finding a debt collection communication to contradict a debtor's FDCPA rights where the communication requires receipt of a notice challenging the verification of the debt within the thirty day period, when all that is required is that such notice be mailed within that period); Savino v. Computer Credit, Inc., 164 F.3d 81, 84, 85 (2d Cir. 1998) (finding overshadowing where a debt collection letter contained a statement demanding "immediate payment or a valid reason for . . . failure to make payment" within thirty days and the debtor was directed to an "important notice" on the back of the letter, where the validation notice appeared).

Plaintiff, for her part, argues that because the demand for payment in Defendant's letter is not connected by reference to the validation notice, the former overshadows the latter.  Plaintiff cites Beeman v. Lacy, Katzen, Ryen & Mittleman, 892 F.Supp. 405 (N.D.N.Y. 1995), a case more directly on point,

where the court denied both defendant's motion to dismiss plaintiffs' FDCPA claim and plaintiffs' motion for summary judgment, finding a question of fact regarding overshadowing where defendant sent a debt collection letter to plaintiffs demanding immediate payment in the second paragraph and including the statutory validation notice in the third paragraph. Id., at 407-408, 412. Specifically, the court concluded that the second paragraph contradicts the validation notice because "[i]t instructs the [plaintiffs] to contact [the defendant] immediately and does not specify that in order to trigger their verification rights, the [plaintiffs] must dispute the debt in writing." Id., at 412. Moreover, the court noted, "[r]ead by itself, the second paragraph leaves the impression that if the [plaintiffs] wished to dispute the debt, they must act immediately." Id. The court in Beeman went on to note that the lack of transitional language alerting consumers to the fact that they have rights to dispute the debt that must be exercised differently from the way in which they are asked to proceed to make payment, contribute to the finding of a Section 1692g violation. See Beeman, 892 F.Supp. at 412. See also Savino, 164 F.3d at 86 (commenting that the defendant could have inserted such "transitional language" in order to avoid a Section 1692g violation).

Defendant attempts to distinguish Beeman, noting that here, no demand for "immediate" payment was included in the debt collection letter sent to Plaintiff. Nonetheless, the Court of Appeals in Savino specifically found that a request for immediate payment, standing alone, does not violate the FDCPA. See Savino, 164 F.3d at 86. Instead, the court found, the violation lies in failing to explain that the demand for immediate payment does not override the consumer's right to seek validation of the debt. See id.

Defendant also counters that here, as in Jacobson, there is no contradiction

between the notice to make arrangements for payment and the validation notice. The court in <u>Jacobson</u>, finding without merit the plaintiff's argument that the debt collection letter there would mislead the least sophisticated consumer as to whether she had any right to dispute the debt, held that where "the right to seek validation of the debt was . . . explained, not on the back of the demand letter [as in <u>Savino</u>], but on its face, below the initial statement, and in clear terms[,] . . . even the least sophisticated debtor would understand that she had the option to submit a notice of dispute, rather than pay the claimed sum." <u>Jacobson</u>, 516 F.3d at 92. However, the notice at issue in <u>Jacobson</u>, unlike the notice here, included language which made clear that the plaintiff debtor had alternatives, to wit, "[i]f your payment **or** notice of dispute is not received in this office within 30 days, we shall recommend further action be taken against you to collect this outstanding balance." <u>Id.</u>, at 88 (emphasis added).

Here, as in <u>Beeman</u> and <u>Savino</u>, but unlike <u>Jacobson</u>, Defendant failed to include any transitional language explaining that the notice providing Plaintiff thirty days to make arrangements for payment does not override Plaintiff's right to dispute the debt. Thus, Plaintiff's complaint, which incorporates the debt collection letter by reference, states a claim for violation of the FDCPA. Consequently, Defendant's motion to dismiss the complaint for failure to state a claim is denied.

Plaintiff's motion for summary judgment on her FDCPA claim is also denied. As in <u>Beeman</u>, questions of fact remain as to whether the "least sophisticated consumer" would be misled by the contradictory statements in the

debt collection letter at issue in this case.  See Beeman, 892 F.Supp. at 413.[1]

Accordingly, summary judgment is not appropriate.

### *IV. Conclusion*

In accordance with the foregoing it is ORDERED that Defendant's motion to dismiss the complaint for failure to state a claim upon which relief may be granted, see Dkt. No. 5, is DENIED, and it is further

ORDERED that Plaintiff's motion for summary judgment, see Dkt. No. 8, is DENIED.



IT IS SO ORDERED.



DATED:      October 21, 2010
            Syracuse, New York


_____
Neal P. McCurn
Senior  U.S. District Judge

---

[1] "The finder of fact must determine whether this contradiction would induce the least sophisticated consumer to overlook the procedures contained in the validation notice.  Although a reasonable fact finder could so conclude, this conclusion would not be required as a matter of law.  Both parties are entitled to present expert proof to the jury regarding the effect the language of the letter would have on the least sophisticated consumer."  Beeman, 892 F.Supp. at 413.